WILBUR, Retired Justice
(dissenting).
[¶20.] The resolution of this case should not turn on the interpretation of only one phrase within the agreement: “whether ‘this matted should be read broadly, so as to resolve all workers’ compensation benefit matters related to Denzin’s hip surgeries, or narrowly, such that it refers only to *740 the PPD payments referenced in the foregoing paragraphs.” Swpra majority opinion ¶ 12 (emphasis added). Such view is problematic because the phrase “this mattér” is one clause within an entire settlement agreement. The question we must decide is whether the settlement agreement precludes Standard Fire’s current suit against Continental Resources.
[¶21.] It is well established that we review contracts as a whole and “ ‘give effect to the language of the entire contract,’ and ‘particular words and phrases are not interpreted in isolation.’ ” Jones v. Siouxland Surgery Ctr. Ltd. P’ship, 2006 S.D. 97, ¶ 15, 724 N.W.2d 340, 345 (quoting Hartig Drug Co. v. Hartig, 602 N.W.2d 794, 797-98 (Iowa 1999)). Here, “this matter” must be viewed with reference to the contract language that Continental Resources agreed to dismiss its “Third Party action against Koch Industries [ (Standard Fire) ].” If that reference is ignored, then that would mean the parties intended the settlement agreement to bind only Denzin and Continental Resources. But the settlement agreement specifically provides that “the parties agree to settle this matter[.j” (Emphasis added.) Standard Fire is a party and under the terms of the settlement agreement, Standard Fire agreed to no further litigation on Continental Resources’ third-party claim disputing responsibility to pay Denzin’s workers’ compensation benefits related to the hip surgeries.
[¶22.] We often say that an ambiguity does not arise merely because the parties offer different interpretations of the contract. See, e.g., Roden, 2003 S.D. 130, ¶ 10, 671 N.W.2d at 625. Instead, “[a] contract is ambiguous when application of rules of interpretation leave a genuine uncertainty as to which of two or more meanings is correct.” Adversan, 1997 S.D. 9, ¶ 8, 559 N.W.2d at 235. Because, here, the settlement agreement unambiguously resolved all workers’ compensation benefit matters related to Denzin’s hip surgeries, which includes Standard Fire’s right to seek reimbursement from Continental Resources for benefits paid between 2009 and 2013,1 dissent.
[¶23.] SEVERSON, Justice, joins this dissent.